# DEMPSEY

*v.*

# THE DISTRICT OF COLUMBIA.

MUNICIPAL ORDINANCES; POLICE COURT; SOLDIERS' HOME DIST. OF COLUMBIA ; LIQUOR TRAFFIC.

1. When Congress enacts a municipal ordinance for the District of Columbia, it may provide that the ordinance shall be the act of the municipal corporation known as the District of Columbia, and that the District, as a corporation, shall enforce it, and shall be liable for its consequences.
2. Under the act of Congress of March 3, 1893, regulating the sale of liquor in the District of Columbia, section 15 of which provides that " prosecutions for violations of the provisions of this act shall be on information filed in the Police Court by the Attorney of the District of Columbia," an information was filed against D. in the name and on behalf of the District of Columbia : *Held*, That the information was properly filed in the name of the District, and not of the United States.
3. The sale of intoxicating liquor within one mile of the Soldiers' Home in this District is a violation of law; *construing* acts of Assembly, D. C., of August 23, 1871 and June 20, 1872, and act of Congress of March 3, 1893, 27 Stats., 563.

No. 213. Submitted May 31, 1893.—Decided June 6, 1893.

HEARING on writ of error to the Police Court. *Judgment affirmed.*

STATEMENT of the case by Mr. Justice MORRIS :

James Dempsey, the plaintiff in error, was arraigned in the Police Court of the District of Columbia upon information filed by the special assistant attorney for the District of Columbia, in the name and on behalf of the District, for a vio-

lation of one of the provisions of the act of Congress of March 3, 1893, entitled "An act regulating the sale of intoxicating liquors in the District of Columbia." The violation consisted in the sale by Dempsey of spirituous liquors on the 13th day of March, A. D. 1893, without a license, at a place in the District about 1500 feet from the Soldiers' Home Building, within a belt of territory in which it is assumed that traffic in intoxicating liquors was prohibited by Congressional legislation, and especially by an act of Congress of February 28, 1891, entitled "An act to prohibit the granting of liquor licenses within one mile of the Soldiers' Home." 26 Stat., 797.

The facts, as alleged and proved, were not contested by the accused; and the defense was based exclusively on legal grounds to the effect that the act in question did not now constitute an offense under the law, such as the court could take cognizance of under this information. It was argued, first, that the information should have been in the name of the United States, and not of the District of Columbia; and second, that the act of Congress of March 3, 1893, under which the prosecution was had, is not in force in that portion of the District of Columbia lying within one mile of the Soldiers' Home property. The Police Court ruled against this defense; and the verdict of the jury was against the accused.

Thereupon the accused filed his petition in the general term of the Supreme Court of the District of Columbia for a writ of error, which was allowed; and the case is now here on that writ.

*Mr. Leon Tobriner* and *Mr. Joseph J. McNally* for the plaintiff in error :

1. The act of March 3, 1893, was passed by the Congress of the United States in its national character. As such and such alone it legislates in respect to this District. *Cohens.* v. *Virginia,* 6 Wheat., 424. A violation of the provisions of the act is not an offense against the District of Columbia, but

a breach of a law of the United States relating to such District. The District of Columbia is a mere municipal corporation; its supreme legislative body is Congress. " Crimes committed in the District are not crimes against the District, but against the United States." *Metropolitan R. R. Co.* v. *D. C.,* 132 U. S., 9. Heretofore only such prosecutions were in the name of the District as were instituted for a violation of the ordinances of the late Board of Aldermen and Council, the Levy Court, the acts of the late Legislative Assembly, or as were specially authorized to be brought in the name of and for the benefit of the District. An example of the last will be found in the act of Congress, approved July 29, 1892, entitled "An act for the preservation of the public peace and the protection of property within the District of Columbia," which provides " That all prosecutions for violations of any of the provisions of any of the laws or ordinances provided for by this act shall be conducted *in the name of and for the benefit of the District of Columbia.*" The distinction between the two classes of prosecutions is recognized in the act of Congress, approved March 3, 1891, entitled "An act to define the jurisdiction of the police court of the District of Columbia," section second thereof providing " That prosecutions in the police court shall be on information by *the proper prosecuting officer.*" It is contended by the District, that the authority to prosecute in its name, and for its benefit is given by that portion of the fifteenth section of the act which provides for the filing of informations " by the attorney of the District of Columbia, or any of his assistants." This provision is a mere delegation of authority to, and enlargement of the duties of such attorney; it imposes upon this officer an additional duty, the performance of which, in the absence of such provision would fall upon the attorney of the United States for said District.

2. The two clauses of section 21 of the act of March 3, 1893, are inconsistent and repugnant. The last in order of date or local position must prevail. Endlich on Interpre-

tation of Statutes, § 183, p. 252 ; *Harrington* v. *Rochester,* 10 Wend., 551-2-3 ; *Brown* v. *Commrs.,* 21 Pa. St., 42 ; *Ryan* v. *State,* 5 Neb., 282 ; *Albertson* v. *State,* 9 Neb., 438. Section 21 repeals all laws and regulations inconsistent with the provisions of the act, except such laws inconsistent therewith *that are applicable* to the sale of liquors within one mile of the Soldiers' Home. The laws which were inconsistent therewith and were *applicable* to the sale of liquors within one mile of the Soldiers' Home were such parts of the acts of the Legislative Assembly above referred to as regulate the issuing of licenses for the sale of intoxicating liquors, and the act of Congress of February 28, 1891. The prosecution herein should have been under the provisions of those acts.

*Mr. S. T. Thomas* for the District :

1. Section 1069, of the Revised Statutes of the District, derived from the act of Congress of 1870, establishing the Police Court, provides that it shall be the duty of the Attorney of the United States to attend to the prosecution in the Police Court of such offenses as were cognizable in the Criminal Court of the District prior to June 17, 1870, whilst section 1071 declares : " It shall be the duty of the Attorney for the District or his assistants, to attend to the prosecution in the Police Court of all offenses arising from violation of any of the laws or ordinances of the District in force therein, and for such service they shall be paid therefor by the District." It is to be presumed that Congress had knowledge of section 1071 of the Revised Statutes of the District when the act of March 3, 1893, was passed. It seems idle to insist that Congress, after creating the Commissioners an *excise board,* with authority to examine applications for liquor licenses and clothing them with power to grant the same, and providing that the license fee shall be paid to the Collector of Taxes as other District revenues are, and that prosecutions for violation of the act shall be on information in the Police Court, signed by the *Attorney of the District or one of his assistants,* intended that such

prosecutions should be in the name of the United States. The license act of 1878 (20 Stat., 173), requiring the keepers of dogs to pay a tax, provides that prosecutions shall be by information in the Police Court, at the instance of the *United States District Attorney.* It was held by the Supreme Court of the District of Columbia, that a prosecution under that statute was properly instituted in the name of the United States, and simply because the statute directed the information to be brought by the Attorney of the United States. *U. S.* v. *Hoskins,* 5th Mackey, 478.

2. The Soldiers' Home law was addressed to the authorities charged with the duty of granting licenses. It was not necessary that it should have a penalty clause. It was necessary, however, to Dempsey's defense that he should have the *paper license* of the Excise Board; it was no defense to this prosecution that the sale was made where licenses are not granted under any circumstances. *Prather* v. *People,* 85 Ill., 36. The 21st section of the act of March 3, 1893, does not present a cause of repugnancy in the two clauses. The object of the exception of the Soldiers' Home law shows an intention on the part of Congress to retain that law, and this is evident from the language of the 12th section imposing a penalty upon any person engaging in the sale of intoxicating liquors *in any portion of the District where the sale thereof is prohibited.* This provision could have no operation at all unless it related to the Soldiers' Home limit. The repealing clause of the act of March 3, 1893, expressly retains the Soldiers' Home law; but suppose the act of 1893 repealed the Soldiers' Home law, that would not avail Dempsey. He still would be in the predicament of having sold liquor without a license. It was absolutely necessary for him in his defense in the Police Court to have the paper license required by the act of March 3, 1893. Since the passage of this act the possession of the *paper license* is necessary in all cases to justify the sale of intoxicating liquors in the District of Columbia.

Mr. Justice MORRIS delivered the opinion of the Court:

The two assignments of error here, are based upon the same objections that were urged in the Police Court, and which that court refused to sustain.

1. It is contended, in the first place, that this information should have been filed in the name of the United States, and not on behalf of the District of Columbia. And it is argued that the act complained of, if it is a crime at all, is a violation of an act of Congress, and not merely of a local ordinance; that the legislation of Congress is national in its character; and that, in the language of the case of the *Metropolitan Railroad Company* v. *The District of Columbia*, 132 U. S., 9, "crimes committed in the District of Columbia are not crimes against the District, but against the United States."

It is true, as stated in the case of *Cohens* v. *Virginia*, 6 Wheaton, 424, that, in legislating for the District of Columbia, Congress acts as the legislature of the Union; and, as the Constitution of the United States now stands, this could not well be otherwise. But it is likewise true, as laid down in the same case, that the extent and incidents of this legislation are to be determined from its character and subject matter. Such legislation may, for some purposes, have a scope and effect co-extensive with the Union; while for other purposes it may have no extra-territorial effect whatever. Congress may not only legislate for the District of Columbia in a general sense; it may also make for it such by-laws and local regulations as are usually comprehended under the name of municipal ordinances. This latter power it may delegate; the power of general legislation it may not delegate. But whatever power it may delegate it certainly can itself exercise directly. And when Congress enacts a municipal ordinance for the District of Columbia, it may provide that this ordinance shall be the act of the municipal corporation known as the District of Columbia, and that the District as a corporation shall enforce it, and shall be liable for its consequences. In fact, such enforcement and such liability would seem to follow as a necessary consequence

from the character of the legislation as a municipal ordinance.

In the case of *Barnes* v. *District of Columbia*, 91 U. S. 540, the District of Columbia, as a municipality, was held responsible for the action of an agency imposed upon it by the superior power of Congress. If it was responsible for the action of that agency it was equally entitled to any benefits resulting from it. And if such an agency could be so imposed upon it with such results, it is only reasonable that the incidents of municipal ordinances imposed upon it should be construed in the same way.

But we are not left here solely to the interpretation of general principles. In providing in the 15th section of the act of March 3, 1893, that "prosecutions for violations of the provisions of this act shall be on information filed in the Police Court by the attorney of the District of Columbia or any of his assistants duly authorized to act for him," we are not to suppose that Congress intended to convert the attorney of the municipal corporation into a federal official. It might have rather serious consequences so to hold. An attorney can only be the attorney of his principal. What he does as attorney he must do in the name and on behalf of his principal. The principal here is the District of Columbia, and not the United States. It is true that Congress might possibly have directed the attorney for the District of Columbia to proceed in the name of the United States. But unless it did so specifically and by express direction it would manifestly be improper for him to assume to proceed in the name of the United States.

The first ground of exception, therefore, taken by the plaintiff in error we regard as wholly untenable.

2. The second assignment of error is based upon the assumption that the act of March 3, 1893, is not in force in that portion of the District of Columbia lying within one mile of the Soldiers' Home. It is argued that the two clauses of section 21 of that act, by one of which this act is made a substitute for all existing laws and regulations for the sale of

intoxicating liquors, and by the second of which all inconsistent laws, except such as are applicable to the sale of liquor within one mile of the Soldiers' Home, are repealed, are inconsistent with each other; that, in consequence of such alleged inconsistency, only the second clause is in force; that the only inconsistent legislation applicable to the sale of liquor within one mile of the Soldiers' Home, is the act of the Legislative Assembly of the District of Columbia of August 23, 1871, as modified by an act of the same body of June 20, 1872, imposing a license fee upon certain classes of business, among them the traffic in intoxicating liquor, and the act of Congress of February 28, 1891, which has been already mentioned, as prohibiting the granting of licenses for the sale of liquor at any place within one mile of the Soldiers' Home; and that, as these laws are specifically continued in force and are in fact inconsistent with the act of 1893, the former laws and not the act of 1893 are now in force in the District in question, and the prosecution, if any, should be under them. And, as it is claimed, that under the decision of the Supreme Court of the District of Columbia, in the case of the *District of Columbia* v. *Nau*, 20 D. C., 547, no prosecution could be maintained against the defendant under these laws, in consequence of the alleged absence of penalty in the act of February 28, 1891, the conclusion is that no prosecution could be maintained at all; and that the territory which Congress sedulously sought to purge from the sale of intoxicating liquors, is absolutely free to all comers for the sale of such liquors, without license, without fee, and without restriction of any kind.

We do not find any such inconsistency as is claimed in the 21st section of the act of March 3, 1893. And even if there were such inconsistency, and the second clause should be regarded as the only operative part, it is not apparent that it has any effect whatever on the law prohibiting the issue of licenses to sell in the region adjacent to the Soldiers' Home. There is no inconsistency between the act of February 28, 1891, and the act of March 3, 1893. The latter seeks to

regulate the sale of liquor in the District of Columbia, and provides a system of advanced license fees. It also provides that in certain districts adjacent to schools and churches, the traffic should not be carried on, and no license for it should be granted. Entirely in accordance with the latter provision and not in any manner inconsistent with the later law, the act of February 28, 1891, prohibits the issue of any license for the traffic within one mile of the Soldiers' Home, and thereby virtually prohibits the traffic itself within that region. The two enactments do not contravene each other in any manner. The reference in Section 21 of the act of 1893 to the Soldiers' Home was evidently for abundant caution, to negative any implication that the act of 1893 was to be a substitute for the other.

The defendant in this case had no license under either the act of 1873 or the Assembly act of 1871. The act of 1893 was plainly operative in his case. It prohibited under penalty the traffic in liquor at any place in the District of Columbia, except in pursuance of license. It incorporated in itself, because it did not repeal, the act of February 28, 1891. It, therefore, absolutely prohibited within the region adjacent to the Soldiers' Home the sale of intoxicating liquors, with or without license, by superadding the prohibition of license for that region.

It is very plain to us that the defendant has brought himself within the operation of the penalty prescribed by the act of March 3, 1893, and that the judgment of the Police Court against him should be affirmed with costs.

The writ of error is *dismissed*, and the cause is remanded to the Police Court with directions to carry its judgment into effect.